## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KENNETH E. DUNKLEE,

      Petitioner,

v.                                                                No. 24-cv-745 DHU/SCY

STATE OF NEW MEXICO,

      Respondent.


## ORDER TO SHOW CAUSE

This matter is before the Court on Kenneth E. Dunklee's "Motion to Challenge Criminal Complaint." Doc. 1 ("Petition"). It appears Dunklee seeks to challenge his state convictions under 28 U.S.C. § 2254 based on, among other things, double jeopardy and evidentiary issues. *Id.* Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Dunklee to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies.

## BACKGROUND[1]

In 2024, a jury convicted Dunklee of sixteen counts of Criminal Sexual Penetration of a Minor, sixteen counts of Criminal Sexual Contact of a Minor, and twelve counts of incest. *See* Verdict in Case No. D-725-CR-2021-00038. On July 17, 2024, the state court sentenced him to a total term of two hundred seventy-six (276) years imprisonment. *See* Judgment in Case No. D-

---

[1] The background facts are taken from the Petition and the state criminal dockets cited in the Petition, Case Nos. D-725-CR-2021-00038 and A-1-CA-42153. The state criminal docket is subject to judicial notice. *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (habeas courts may take "judicial notice of the state-court docket sheet").

725-CR-2021-00038. On August 14, 2024, Dunklee filed a direct appeal with the New Mexico Court of Appeals ("NMCA"). *See* Notice of Appeal in Case No. A-1-CA-42153. The direct appeal is currently pending before the NMCA. Dunklee filed the instant § 2254 proceeding on July 19, 2024. Doc. 1. He challenges his convictions on the basis of, among other things, double jeopardy and evidentiary issues. Dunklee paid the $5.00 habeas filing fee on November 1, 2024.Doc. 5).

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. Courts review each claim under Habeas Corpus Rule 4 to determine whether the petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3). Even if there is a potential violation, "a habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In New Mexico, this means the petitioner must present all claims to the New Mexico Supreme Court ("NMSC"). "The exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007). "*Sua sponte* consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008).

The Petition and associated state dockets reflect that Dunklee did not present his federal

claims to the NMSC. The New Mexico State Courts' re:SearchNM website, which tracks all New Mexico trial court and appellate filings, confirms Dunklee's failure to exhaust. *See* https://researchnm.tylerhost.net/CourtRecordsSearch/. The state criminal docket reflects that Dunklee's direct appeal is still pending before the NMCA and that he has not initiated any appellate proceeding before the NMSC. *See* Docket Sheets in D-725-CR-2021-00038 and A-1-CA-42153.

For these reasons, the Court will require Dunklee to show cause why his § 2254 Petition should not be dismissed without prejudice for failing to exhaust state remedies. The show-cause response is due within thirty (30) days of entry of this ruling. If Dunklee concedes that he has not met the exhaustion requirement, the Court may dismiss the Petition without prejudice. Dunklee may then refile his federal claims when the exhaustion process is complete (*i.e.,* after the NMSC makes its ruling on direct appeal).

**IT IS ORDERED** that within thirty (30) of entry of this Order, Dunklee must show cause in writing why his 28 U.S.C. § 2254 Petition (Doc. 1) should not be dismissed without prejudice for failure to exhaust state remedies.

_____
UNITED STATES MAGISTRATE JUDGE