# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KENNETH E. DUNKLEE,

     Petitioner,

v.                                                                                    No. 24-cv-745 DHU/SCY

STATE OF NEW MEXICO,

     Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Kenneth E. Dunklee's "Motion to Challenge Criminal Complaint" (Doc. 1) (Petition).  It appears Dunklee seeks to challenge his state convictions under 28 U.S.C. § 2254 based on, *inter alia*, double jeopardy and evidentiary issues.  The Court previously directed him to show cause why this proceeding should not be dismissed for failure to exhaust state remedies.  Because Dunklee failed to respond, and having reviewed the state record to confirm the failure to exhaust, the Court will dismiss the Petition without prejudice.

## BACKGROUND[1]

In 2024, a jury convicted Dunklee of sixteen counts of Criminal Sexual Penetration of a Minor, sixteen counts of Criminal Sexual Contact of a Minor, and twelve counts of incest. *See* Verdict in Case No. D-725-CR-2021-00038.  On July 17, 2024, the state court sentenced him to

---

[1] The background facts are taken from the Petition and the state criminal dockets cited in the Petition, Case Nos. D-725-CR-2021-00038 and A-1-CA-42153.  The state criminal docket is subject to judicial notice.  *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet.").

a total term of two hundred seventy-six (276) years imprisonment.   *See* Judgment in Case No. D-725-CR-2021-00038.   On August 14, 2024, Dunklee filed a direct appeal with the New Mexico Court of Appeals (NMCA).   *See* Notice of Appeal in Case No. A-1-CA-42153.   The direct appeal is currently pending before the NMCA.   Dunklee filed the instant § 2254 proceeding on July 19, 2024.   (Doc. 1).   He challenges his convictions on the basis of, *inter alia*, double jeopardy and evidentiary issues.   Dunklee paid the $5.00 habeas filing fee on November 1, 2024.   (Doc. 5).

By an Order to Show Cause entered May 1, 2025, the Court screened the Petition *sua sponte* under Habeas Corpus Rule 4 and determined Dunklee failed to exhaust state remedies before seeking federal relief.   (Doc. 6) (Screening Ruling); *see United States v. Mitchell,* 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies … may be raised by a court *sua sponte*.").   Dunklee was permitted to file a response by June 2, 2025 showing cause, if any, why the Petition should not be dismissed without prejudice to refiling after the exhaustion process is complete.   The Screening Ruling directs that failure to overcome the exhaustion requirement or respond may result in dismissal without prejudice.   Dunklee did not respond to the Screening Ruling.   The Court will therefore summarize the exhaustion defect before dismissing the Petition.

## DISCUSSION

The Petition is governed by 28 U.S.C. § 2254 and Habeas Corpus Rule 4.   "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief ... the judge must dismiss the petition."   Habeas Corpus Rule 4.   "If the petition is not dismissed, the judge must order the respondent to file an answer...."   *Id.*   As part of the initial review process, the Court may examine whether the petitioner exhausted state remedies.   *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state

remedies" before obtaining relief "under . . . § 2254."); *United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("defenses unique to the habeas context such as exhaustion of state remedies ... may be raised by a court sua sponte").

"The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In New Mexico, this means the petitioner must present each Section 2254 claim to the NMSC. A petitioner may present the claims to the New Mexico Supreme Court (NMSC) through a direct appeal or by filing a state habeas petition and appealing any adverse habeas ruling to the NMSC. *See* NMRA Rule 5-802 (governing the procedure for filing a habeas petition in the state court); NMRA Rule 12-501 (permitting a direct appeal to the NMSC based on the denial of a state habeas petition by the trial court). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

As the Screening Ruling explains, the Petition and associated state dockets reflect that Dunklee did not present his federal claims to the NMSC. The New Mexico State Courts' re:SearchNM website, which tracks all New Mexico trial court and appellate filings, confirms Dunklee's failure to exhaust. *See* https://researchnm.tylerhost.net/CourtRecordsSearch/. The state criminal docket reflects that Dunklee's direct appeal is still pending before the NMCA and that he has not initiated any appellate proceeding before the NMSC. *See* Docket Sheets in D-725-CR-2021-00038 and A-1-CA-42153. The exhaustion requirement therefore has not been met in this case. For this reason, the Court will dismiss this proceeding without prejudice to refiling after completing the exhaustion process. The Court will also deny a certificate of appealability (COA)

under Habeas Corpus Rule 11, as this ruling is not reasonably debatable. *See* 28 U.S.C. §

2253(c)(2) (COA may only issue where reasonable jurists would debate the outcome of the habeas

case); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (same).

**IT IS ORDERED** that Petitioner Kenneth E. Dunklee's "Motion to Challenge Criminal

Complaint" (Doc. 1) is **DISMISSED without prejudice**; a certificate of appealability is

**DENIED**; and the Court will enter a separate judgment closing the civil habeas case.

**SO ORDERED**.

_____

UNITED STATES DISTRICT JUDGE